UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                          Case No. 8:06-cr-251-T-24

JUAN HUERTA-ZARCO

_____/

**ORDER**

This cause comes before the Court on Defendant Zarco's motion for relief under Federal Rule of Civil Procedure 60(b). (Doc. No. 35). As explained below, the motion is denied.

**I. Background**

Defendant Zarco pled guilty to the charge of being found unlawfully in the U.S. after deportation for an aggravated felony. He was sentenced on November 7, 2006 to eighty-four months imprisonment, and judgment was entered the same day. (Doc. No. 21). Thereafter, Zarco appealed his sentence, and the Eleventh Circuit affirmed his sentence on June 18, 2007. (Doc. No. 32). On October 11, 2007, the Supreme Court denied certiorari.

Accordingly, Zarco had until October 13, 2008 to file a § 2255 motion.[1] However, he did not file such a motion. Instead, on March 31, 2010, he submitted the instant motion for filing.

**II. Motion for Relief Under Rule 60(b)**

In the instant motion, Zarco seeks relief under Federal Rule of Civil Procedure 60(b)(6), which provides that a court may relieve a party from a judgment for any reason not set forth in Rule 60(b)(1) - (5) that justifies relief. Specifically, Zarco argues that he is entitled to relief under Rule 60(b)(6) because his counsel was ineffective during his sentencing.

---

[1] The one-year period for filing a § 2255 motion ended on a Saturday, and as such, the period was extended to Monday, October 13, 2008.

Zarco's motion is flawed for several reasons. First, he cannot use Rule 60(b), which is a rule of *civil* procedure, to attack his criminal judgment. See U.S. v. Winston, 346 Fed. Appx. 520, 522 (11th Cir. 2009)(citation omitted); U.S. v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Instead, his motion–in which he attacks his sentence based on alleged ineffective assistance of counsel–is more properly characterized as seeking relief under § 2255. See Winston, 138 F.3d at 522; U.S. v. Johnson, 159 Fed. Appx. 835, 838 (10th Cir. Dec. 14, 2005).

However, even if the Court construed his motion as being brought under § 2255, it still would fail because it is not timely.[2] A timely § 2255 motion would have had to have been filed by October 13, 2008. Zarco did not file such a motion, and he cannot file a § 2255 motion now. Therefore, it appears that Zarco is attempting to circumvent the time-bar by titling his motion as one for relief under Rule 60(b)(6). Such an attempt fails. See U.S. v. Rogers, 2007 WL 1455998, at *1 n.3 (D. Md. May 15, 2007)(stating that a defendant cannot circumvent the one-year limitations period by titling his pleading as a Rule 60(b) motion); U.S. v. Rodriguez, 2005 WL 2875011, at *2 (D. Kan. Nov. 2, 2005)(stating that a defendant cannot utilize a Rule 60(b) motion in an attempt to circumvent the restrictions of 28 U.S.C. § 2255).

Finally, even if the Court construed Zarco's motion as seeking relief under § 2255 and even if the motion was timely, it would still fail on the merits. In his motion, Zarco claims that his counsel was ineffective at sentencing because: (1) counsel did not contest six prior convictions that were used to calculate his criminal history, which resulted in a 23 point criminal history; (2) counsel did not challenge his being characterized as a career offender; and (3) counsel failed to present his mitigating circumstances at sentencing. However, Zarco fails to specify which criminal history points should not have been scored, why he should not have been scored as a career offender, and/or what mitigating circumstances existed. Furthermore, these sentencing issues should have been raised in his direct appeal.

---

[2] Zarco has not alleged any basis for equitable tolling, nor is this Court suggesting that there may be such a basis.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Zarco's motion for relief under Federal Rule of Civil Procedure 60(b) (Doc. No. 35) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of April 2010.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3